WM. J. B. WAITE CO. *v.* UNITED STATES

**No. 7296.**—Invoice dated Hong Kong, January 29, 1941.
Entered at Los Angeles, Calif., February 25, 1941.
Entry No. 4372.

(Decided June 19, 1947)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated as follows between counsel for plaintiff(s) and the Assistant Attorney General for the United States, concerning the merchandise referred to herein:

(1) That the merchandise covered by the reappraisement appeal enumerated above, represented by the items marked "A" on the invoice and checked "HJR" by Examiner H. J. Reed, is similar to that involved in *United States* v. *Geo. E. Mallinson Import Co.,* Reap. Dec. 6125, and that the record in said case, insofar as it relates to the question whether Haiphong, French Indo-China, was a principal market for such merchandise, may be incorporated herein.

(2) That at the time of exportation of the merchandise involved herein such or similar merchandise was freely offered for sale to all purchasers in the principal markets of French Indo-China, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at the entered values, and that there was no higher foreign value for such or similar merchandise at the time of exportation thereof.

(3) That this reappraisement appeal may be deemed submitted, so far as it relates to the items marked "A" as above indicated. As to all other merchandise the appeal is abandoned.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented by the items marked "A" on the invoice and checked "HJR" by Examiner H. J. Reed, and that such values are the entered values.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.